**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Antonio Cervantes-Peralta,<br><br>Defendant. | Case No.: 2:14-cr-39-JAD-CWH<br><br>**Order Granting Motion for Late Filing of Notice of Appeal [Doc. 31]** |

On October 28, 2014, a criminal judgment was entered against defendant Antonio Cervantes-Peralta. Doc. 29. On November 13, 2014, Cervantes moved for an order excusing his untimely filing of a notice of appeal to the Ninth Circuit. Doc. 31 at 1. Cervantes acknowledged that his notice of appeal of the October 28, 2014, judgment was due no later than November 12, 2014; he claims to have timely informed his counsel of his intent to appeal the judgment, but a miscommunication with counsel prevented the timely filing of his notice of appeal. *Id.* at 2-3. Cervantes points out that his request for an extension was filed within the 30-day time period under the Federal Rules of Appellate Procedure to request such an extension. *Id.* at 3. Cervantes does not specify the length of extension he seeks. *See id.* The government has not responded to Cervantes's motion.

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) provides that a criminal defendant must file his notice of appeal in the district court no later than 14 days after entry of judgment.[1] As Cervantes acknowledges, his 14-day window to furnish notice of his appeal of the October 28, 2014, judgment closed on November 12, 2014. However, Rule 4(b)(4) provides that "Upon finding excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30

---

[1] Fed. R. App. Proc. 4(b)(A)(i).

1

days from the expiration of the period of the time otherwise prescribed by this Rule 4(b)."[2] Rule 26(b) prevents any extension of time beyond the 30-day window.[3] Although Cervantes's explanation that a "miscommunication" occurred is admittedly thin, Cervantes moved expeditiously for an extension after the deadline elapsed, and the government elected to file no response to Cervantes's motion. These facts permit me to find that the untimely filing resulted from excusable neglect.[4] Accordingly, I grant Cervantes's motion, and permit him until December 12, 2014, to file a Notice of Appeal of the October 28, 2014, judgment.

Accordingly, and with good cause appearing,

It is hereby ORDERED that Cervantes's **Motion for Late Filing of Notice of Appeal [Doc. 29] is GRANTED.** Cervantes's deadline to file a notice of appeal is extended to December 12, 2014.

DATED: December 2, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[2] *Id.* at 4(b)(4).

[3] Fed. R. App. Proc. 26(d); *Greenlaw v. United States*, 554 U.S. 237, 252-53 (2008).

[4] *See United States v. Holloway*, 2012 WL 5361013, at *1 (D. Ariz. Oct. 31, 2012) (finding excusable neglect where requested extension was "days afer the original expiration," and the government did not oppose the motion for extension);

2